UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARDSON | CIVIL ACTION |
| VERSUS | NO: 07-1142 |
| SOUTHWEST BUSINESS CORPORATION ET AL. | SECTION: "R"(5) |

### ORDER AND REASONS

Before the Court is defendant's motion to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court GRANTS defendant's motion.

I.   BACKGROUND

Plaintiff, Doreen Richardson, sued defendant, Certain Underwriters at Lloyds, London on June 27, 2007. (Pl.'s Amend. Compl., R. Doc. 6). Plaintiff alleges that defendant issued to plaintiff a homeowner's policy and that defendant breached its insurance contract with plaintiff by failing to fairly and promptly adjust plaintiff's insurance claims for damage to her

property as a result of Hurricane Katrina.

Defendant moves to dismiss plaintiff's claims for lack of standing. Defendant contends that the insurance policy which covers plaintiff's home is a forced placed policy that it issued to Standard Mortgage Company, plaintiff's mortgagee. Defendant further avers that plaintiff is not a named insured, additional insured, or third-party beneficiary under the forced placed policy. Plaintiff contends that she is entitled to be subrogated to the mortgage company's rights under the policy. The Court addresses these arguments below.

## II.   LEGAL STANDARD

Defendant moves to dismiss plaintiff's claim for lack of jurisdiction. Defendant argues that plaintiff is not an insured under the policy, which is actually a challenge to the merits of plaintiff's claim. The Court will therefore review the merits of plaintiff's action under Rule 12(b)(6). *See Montez v. Dept. of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)) ("where issues of fact are central both to subject matter jurisdiction and the claim on the merits, we have held that the trial court must assume jurisdiction and proceed to the merits").

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows

a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  The Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations and quotation marks omitted).

### III. Discussion

The Court finds that plaintiff is not a named insured, an additional insured, or a third-party beneficiary under the policy.  Under Louisiana law, an insurance policy, like other contracts, is the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988).  If the policy wording is clear, and it expresses the intent of the parties, the agreement must be enforced as written. *Id*.  The insurance policy covering plaintiff's property unambiguously states that the named insured is Standard Mortgage Company.  Plaintiff is not a named insured under the policy, but is listed only as the

3

borrower/mortgagor. (R. Doc. 19, Exh. A).

Plaintiff is also not a third-party beneficiary of the contract. The policy was placed by plaintiff's mortgagee to protect its own interest in the property. The insurance contract explicitly states that if there is a loss to the residential property, it will be covered only up to the lender's interest in the property at the time of the loss. (R. Doc. 19-6 at 1). *See also Harrison v. Safeco Ins. Co. of America*, 2007 WL 1244268 (E.D. La. 2007) (holding that plaintiffs were not third-party beneficiaries of insurance policies their mortgage companies placed on their properties); *Conner v. Great American Assur. Co.*, 2007 WL 521368 (W.D. La. 2007) (holding that plaintiffs, mortgagors, had no right to insurance proceeds from policy purchased by mortgagee, even though they paid insurance premiums for the policy).

Plaintiff does not attempt to argue that these cases do not apply in this case. Instead, plaintiff contends that having paid premiums on the policy, she is entitled to be subrogated to the mortgage company's rights under the policy and stand in its place to maintain this litigation. She cites in support of this proposition Louisiana Civil Code articles 1827 and 1829. Plaintiff fails, however, to show how her payment of premiums entitles her to be subrogated to the rights of her mortgagee.

The Louisiana Civil Code defines "subrogation" as "the substitution of one person to the rights of another." *See* La. Civ. Code art. 1825.  Subrogation is either by contract or by operation of law. *See Institute of London Underwriters v. First Horizon Ins. Co.*, 972 F.2d 125, 127 (5th Cir. 1992) (noting that the "common-law theory of equitable subrogation does not exist in Louisiana").  Plaintiff points to no contractual basis for subrogation.  Further, the Court finds that subrogation by operation of law does not apply in this case.  Under the Louisiana Civil Code, subrogation occurs by operation of law "[i]n favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment." La. Civ. Code art. 1829(3).  Plaintiff does not cite any cases where a homeowner is subrogated to the rights of its mortgagee by operation of law.  By paying premiums plaintiff is not paying the debt of the mortgage company.  The premiums are paid as part of contract plaintiff entered into with the mortgagee to get a credit extension.  The lender has an interest in the property and the insurance on the property.  The premiums are therefore part of the consideration for the loan to plaintiff.

In *Kilson v. American Road Insurance Company*, 345 So. 2d 967 (La. App. 1977), the Louisiana Second Circuit Court of Appeal

held that even though the plaintiff reimbursed a lienholder for the premiums on the insurance policy on plaintiff's car, plaintiff had "no rights under the policy" that he could assert against the insurer. *Id.* at 969.  The Court finds that Richardson's payment of premiums on her lender placed policy does not merit a different result.  The policy was placed by Standard Mortgage Company to protect its interest in her property.  Because plaintiff is not a named insured, additional insured, or third-party beneficiary, "there are no rights under the policy which can be asserted by [her]." *Kilson, supra*.  The Court finds that plaintiff has not provided any facts or cited any law that would entitle her to sue the insurance company under her mortgagee's insurance policy.

IV.  **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

New Orleans, Louisiana, this <u>3rd</u> day of December, 2007.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE